IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN F. CURRAN, III, | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-14-3360 |
| | | Related Crim. Action No. RDB-11-687 |
| UNITED STATES | * | |
| Respondent | * | |

\*\*\*

**MEMORANDUM**

The Court is in receipt of self-represented prisoner John F. Curran's Motion to Vacate Conviction in accordance with Rule 52(b), Plain Error, of the Federal Rules of Criminal Procedure." ECF No. 143. The court deems the motion more properly construed under 28 U.S.C. § 2255 as a Motion to Vacate, Set Aside or Correct, and will grant Curran twenty-eight days to state whether he wants this matter to proceed as a § 2255 motion, withdraw the pleading, or have it ruled on as filed.

In his Motion, Curran states that the evidence, as ruled on by the Court, did not support his conviction for securities fraud. ECF No. 143. Additionally he claims that no "loss" was established through any evidence presented to the Court. *Id*. Curran is attacking the validity of his conviction and sentence, and the appropriate avenue to bring his challenge by way of a § 2255 motion.[1] *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (subject matter of a motion, not the caption assigned to it by a self-represented petitioner determines status). Courts may

---

[1] 28 U.S.C. § 2255 provides in relevant part:
   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

recharacterize a motion filed by a self-represented litigant to create better correspondence between the subject of the motion and its underlying legal basis. *See Castro v. United States*, 540 U.S. 375, 381 (2003).

In accordance with *Castro,* 540 U.S. at 381-82, Curran is notified of the Court's intent to construe his pleading as a Motion to Vacate under 28 U.S.C. § 2255. As a consequence of considering the pleading under § 2255, subsequent § 2255 petitions collaterally attacking the judgment or sentence will be subject to dismissal as a second or successive petition unless preauthorization filing is obtained from the Court of Appeals. *See id.* Curran will be granted twenty-eight days to inform the Court whether he wants to withdraw or amend the motion or proceed with it as filed. In the event Curran fails to timely state his intentions, the Court may treat his filing as a motion under 28 U.S.C § 2255. A § 2255 forms and information packet will be sent to Curran to assist him in supplementing his pleading should he intend to pursue his claims accordingly. Curran is instructed to write the above civil case number on all documents he files in this case.

For the reasons stated above, the Court intends to construe the motion pursuant to 28 U.S.C. § 2255. Curran will be granted twenty-eight days to inform the court whether he wants to withdraw or amend the pleading or proceed with it as filed. A separate Order follows.

October 31, 2014                         _____/s/_____
Date                                                RICHARD D. BENNETT
                                                    UNITED STATES DISTRICT JUDGE