IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN F. CURRAN, III, | * | |
| Petitioner, | * | Civil Action No. RDB-14-3360 |
| v. | * | Criminal Action No. RDB-11-687 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

This Court is in receipt of *pro se* prisoner John F. Curran ("Mr. Curran")'s Motion to Vacate Conviction in Accordance with Rule 52(b) of the Federal Rules of Criminal Procedure (ECF No. 143). On October 31, 2014, this Court notified Mr. Curran that the pending Motion to Vacate Conviction is properly construed under 28 U.S.C. § 2255 as a Motion to Vacate, Set Aside, or Correct (ECF No. 165). Pursuant to the notification requirement of *Castro v. United States*, 540 U.S. 375, 383 (2003), Mr. Curran could withdraw his motion, amend it to include all § 2255 claims, or proceed with the motion as filed. *See* Mem. Op., 2, ECF No. 164. In response, Mr. Curran asked this Court to consider the pending Motion under Rule 52(b) of the Federal Rules of Civil Procedure, and not 28 U.S.C. § 2255 (ECF No. 166). For the following reasons, the Motion to Vacate Conviction in Accordance with Rule 52(b) of the Federal Rules of Criminal Procdure (ECF No. 143) is DENIED.

Rule 52(b) of the Federal Rules of Criminal Procedure provides for the vacatur of convictions if the conviction was the result of "plain error." *See United States v. Frady*, 456

U.S. 152, 163-164 (1982). The circumstances under which relief is granted are very narrow. In fact, the trial must be "infected with error so "plain" [and] the trial judge and prosecutor were derelict in countenancing it[.]" *Id.* at 163. This relief, however, is intended to be immediate, thus the "plain error" standard of Rule 52(b) is available only on direct appeal. *Id.* at 164. Direct review and collateral review are entirely separate so as to preserve the finality of judgment. *See id.* at 164-65; *see also United States v. Addonizio*, 442 U.S. 178, 184-85 (1979); *Hill v. United States*, 368 U.S. 424, 428-29 (1962).

In this case, the United States Court of Appeals for the Fourth Circuit dismissed Mr. Curran's appeal of his conviction on August 29, 2014 (ECF No. 147). The Fourth Circuit then denied his petition for rehearing and rehearing en banc (ECF No. 151). The pending Motion is a collateral challenge to Mr. Curran's conviction, thereby precluding this Court from considering the conviction under the "plain error" standard of Rule 52(b). Mr. Curran is free to file a proper 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence within the one-year statute of limitations set forth by 28 U.S.C. § 2255(f).[1] This Motion to Vacate Conviction in Accordance with Rule 52(b) of the Federal Rules of Criminal Procedure (ECF No. 143), however, is DENIED.

A separate Order follows.

---

[1] Under 28 U.S.C. § 2255(f), the one-year statute of limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Dated:        November 10, 2014

/s/_____
Richard D. Bennett
United States District Judge